**Decided April 17, 1986**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

OFFICE OF THE ATTORNEY GENERAL)
and THE OFFICE OF IMMIGRATION )
AND NATURALIZATION OF THE )
COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, )
                  )
        Petitioners, )
                  )
    vs. )
                  )
RUBEN MANABET SUNGA, )
                  )
        Respondent. )

CIVIL ACTION NO. 86-87

DECISION

This matter came on for a hearing on April 9, 1986 at which time Respondent appeared through counsel, David Wiseman, and the government appeared through the Assistant Attorney General, Eric S. Smith. The facts of the case are undisputed and the parties agreed that the Respondent's entry permit have expired since November 5, 1984. However, the Respondent filed an action in the Commonwealth Court against his employer and became entitled to remain in the CNMI pursuant to 3 CMC 4437(b)(1).

The action in Court was dismissed with prejudice in the presence of Respondent's counsel, Mr. Reynaldo Yana,

and the reason for the dismissal was for lack of prosecution. Subsequent to the dismissal in Court the Respondent filed a new but similar action against the same employer for the same claim with the Division of Labor.

Respondent, through counsel, contends that he has the right to file the same action in the Division of Labor under Title 3 and Title 1 of the Commonwealth Code even after the dismissal of the same action in Court with prejudice. The government contends that after the dismissal, with prejudice, in the Commonwealth Court the Respondent has no statutory right to file the same action seeking the same relief in the Division of Labor.

The Court gave each party the opportunity to file points and authorities in support of their respective positions.

The issue before the Court is whether a non-resident worker who files an action against his employer in the Commonwealth Court and which action is dismissed with prejudice, may then file the same action against the same employer seeking the same relief in the Division of Labor.

The answer to the above issue is readily provided by the statute which applies in this type of situation. 3 CNC §4437(b)(1) provides that a non-resident worker may file, "... a complaint against his or her employer with the Chief pursuant to Section 4444, or ... a lawsuit against his or her

526

employer pursuant to Section 4447(b). ...." (emphasis added)

This Court interprets the above statute to mean that a non-resident worker may file his action either with the Division of Labor or with the Court, and he has the right to elect one or the other, but not both.

When a non-resident worker elects to file suit in Court and is denied relief, he may not later bring the same action before the Division of Labor, which he could have done in the first instance. Similarly, a non-resident worker who elects to file a claim with the Division of Labor and is denied relief, may not later initiate the same action before the Court, except in the process of appeal and judicial review. By the same token, a non-resident worker who obtains a relief in Court is bound by such award and may not later file the same case with the Division of Labor seeking any additional relief and vice versa. (See AmJur 2nd, Administrative Law, §787)

The only exception to the above interpretation of 3 CMC §4437(b)(1) is the appeal process to the Director of Commerce and Labor under Section 4445 and the appeal to the Commonwealth Court for a judicial review of the Director's decision under Section 4446 of Title 3 of the Commonwealth Code. Judicial review is also provided for under 1 CMC §9112(b).

In reaching the above interpretation and decision the

Court takes into consideration the fact that if the Respondent is permitted to initiate the same action in the Division of Labor, after it has been dismissed with prejudice in the Commonwealth Court, and is denied relief thereat, he would have the statutory mechanism to appeal the same case up through the Director of Commerce and Labor and end up in the Commonwealth Court again for judicial review. In the Court's mind, that is an impermissible way of getting back into the Court after the same case has been dimissed with prejudice. Dismissal with prejudice is defined as, "An adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." (Black's Law Dictionary, 5th ed.)

The parties may raise the question of whether the same interpretation applies where the dismissal in the Commonwealth Court is without prejudice. That issue is not before the Court in this case and is not herein addressed or decided.

Based on the above facts and interpretation of the law,

IT IS HEREBY ORDERED AND ADJUDGED that the Respondent, Ruben Manabet Sunga, is residing within the Northern Mariana Islands in violation of Section 17(e) of Public Law 3-105 and is of a deportable status. Respondent is hereby ORDERED to be deported and is further ORDERED to depart the Northern Mariana Islands immediately and not later than April 30, 1986. Upon failure to comply . herewith, Respondent shall be arrested

528

for deportation purposes.

Entered this 17th day of April,
1986.

*Ramon G. Villagomez*
Ramon G. Villagomez
Associate Judge